UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JASON ONTERIA MASON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 13-28-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| TONY ALDRIDGE, *et al*., | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

On November 27, 2012, Jason Onteria Mason, proceeding without counsel, filed this 42 U.S.C. § 1983 civil rights proceeding in the United States District Court for the Western District of Kentucky ("the Western District"). [R. 1][1] Mason alleged that in August 2011, while confined in the Shelby County Detention Center ("SCDC") in Shelbyville, Kentucky, SCDC Jailer Tony Aldridge and two "John Doe" correctional officers who worked at that facility violated his various constitutional rights. [*Id*.] The Western District granted Mason *in forma pauperis* status [R. 9], but transferred the case to this Court on May 13, 2013, based on the venue considerations set forth in 28 U.S.C. § 1391(b). [R. 10].

The Court must conduct a preliminary review of Mason's complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against

---

[1] Mason was confined in the Louisville Metro Department of Corrections in Louisville, Kentucky, when he filed this case. On December 26, 2012, Mason provided a new address, "In c/o 5002 Sprucewood, Louisville, Kentucky,

1

government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Mason's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Mason's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the record, the Court will dismiss the Complaint because Mason has not stated grounds entitling him to relief under § 1983.

**I**

Mason states that in August 2011, while detained in the SCDC, he asked Jailer Tony Aldridge and two unidentified SCDC correctional officers to provide him with "laws" and "1983 forms, etc." [R. 1 at 4]. Mason told the defendants that he needed them to provide him with "specific laws" because the SCDC had no law library, but that Aldridge and the two correctional officers told him that they either did not understand what he was requesting, or that they could not find the information he asked them to locate. [*Id*]. Mason states that he needed the legal information "to proceed in federal or state courts." [*Id*. at 2].

Mason alleges that the defendants' failure and/or refusal to provide him with the laws, forms, and/or procedures he requested violated his right to due process of law and impaired his right of access to the courts. Mason's claim alleging the denial of due process of law falls under

---

40291." [R. 4].

the Fourteenth Amendment of the U.S. Constitution, and his claim alleging the impairment of his right of access to the Courts falls under the First Amendment of the U.S. Constitution. Mason seeks unspecified monetary and punitive damages from the defendants in both their individual and official capacities. [*Id*. at 6].

**II**

Mason's claims suffer from several deficiencies which require the dismissal of his complaint. First, Mason's First and Fourteenth Amendment claims are time-barred. Section 1983 does not provide its own statute of limitations, but federal courts "borrow" the applicable limitations period from the state where the events allegedly occurred. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985). For constitutional torts committed in Kentucky, the one-year limitation period under Ky. Rev. Stat. § 413.140(1)(a) for bringing general personal injury actions applies. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181–82 (6th Cir. 1990).

Federal law governs when the statute of limitations begins to run. *Wilson*, 471 U.S. at 267; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). A cause of action accrues when "... the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *see also Sevier*, 742 F.2d at 273.

In this case, Mason's claims clearly arose in August 2011, but he did not file suit on his claims in the Western District until November 27, 2012, which was well past the one-year statute of limitations period. Mason does not allege that he filed a grievance at the SCDC concerning his alleged inability to obtain the legal material which he requested, but even assuming that

3

Mason tried to administratively exhaust his constitutional claims during the following two months (between August 2011 and October 2011), he still failed to file suit on his § 1983 claims within the one-year period allowed by Ky. Rev. Stat. § 413.140(1)(a).

Second, even further assuming that Mason filed his complaint within the one-year limitations period, his constitutional claims substantively lack merit. As for Mason's First Amendment claims, prison authorities must provide inmates with meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 822 (1977), but to state a claim for denial of meaningful access to the courts, a plaintiff must plead and prove prejudice stemming from the asserted violation. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). An inmate must allege an actual injury, or a specific instance in which he was actually denied court access. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Robert v. Wingard*, 210 F.3d 372, 2000 WL 377424, at **2-3 (6th Cir. April 5, 2000) (Table). Under the First Amendment, actual injury is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis,* 518 U.S. at 346. Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Jackson v. Gill*, 92 F. App'x. 171, 173 (6th Cir. 2004).

In this case, Mason does not allege that he was involved in any pending litigation in August 2011; that the defendants' alleged actions or inactions caused any case of his to be dismissed; or that the defendants' alleged actions or inactions prevented him from either filing a case or meeting a court-imposed deadline. In fact, Mason failed to identify any specific claim that he intended to assert in either a state or federal action, stating only that he wanted to file

4

some type of state or federal lawsuit, without specifying the issue he intended to raise. Given the broad and ambiguous nature of Mason's First Amendment claims, he has not demonstrated that the defendants' alleged failure to research and/or provide him with "specific laws" violated his First Amendment rights by causing him to suffer any actual injury concerning either pending or contemplated litigation. *See Trigg v. Wilson*, No. 11–12625, 2012 WL 680396, at *1(E.D. Mich. March 1, 2012) (rejecting plaintiff's First Amendment claim alleging the denial of his right of access to the courts where he failed to indicate "the exact nature of the claims he sought to present in the state courts").

This result is particularly warranted given the fact that according to the federal court system's online PACER database[2], Mason has filed five other civil rights actions (in addition to this proceeding) against various defendants in the Western District since October 8, 2012. Three of those actions have since been dismissed for failure to state a claim upon which relief can be granted,[3] and one action remains pending in the Western District.[4] Again, Mason provided no details in *this* complaint about the § 1983 claim he intended to pursue while confined in the SCDC in August 2011, but it would be logical to assume that whatever claim (or claims) Mason intended to pursue at that time, he asserted in one of the other four lawsuits which he

---

[2] The PACER Case Locator is a national index for U.S. district, bankruptcy, and appellate courts. *See* https://pcl.uscourts.gov/search.

[3] The three cases filed by Mason which the Western District has dismissed are:
    (1)     *Jason Onteria Mason v. Keivn Huigdon*, No. 3:12-CV-638-JGH (W.D. Ky. 2012) (filed on October 9, 2012, dismissed on April 4, 2013 [R. 9-10, therein]);
    (2)     *Jason Onteria Mason v. Commonwealth of Kentucky, et al*., No. 3:12-CV-641-JGH (W.D. Ky. 2012) (filed on October 8, 2012, dismissed on March 19, 2013 [R. 8-9, therein]); and
    (3)     *Jason Onteria Mason v. Mark Bolton*, No. 3:12-CV-642-JGH (W.D. Ky. 2012) (filed on October 9, 2012, dismissed on April 17 2013 [R. 15-16, therein]).

[4] The case which is still pending in the Western District is *Jason Onteria Mason v. Mark Bolton*, No. 3:12-CV-639-CRS (W.D. Ky. 2012) (filed on October 9, 2012).

subsequently filed in the Western District.

Third, Mason broadly alleges that the defendants denied him his right to due process of law, but he fails to state a claim for which relief can be granted on that issue.  Mason does not identify either the substantive or procedural process to which he was entitled, nor does he allege *how* the defendants allegedly denied him any type of "process," other than claiming that the defendants' alleged failure to provide him with "specific laws" impaired his First Amendment right of access to the courts.

An aggrieved person is entitled to raise a substantive due process claim if a particular violation is not covered by a more definite constitutional provision.  *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the broad rubric substantive due process.)  To the extent that Mason alleges that being denied access to the courts also violated his right to due process of law, his claim falls under the First Amendment and cannot also be treated as a separate substantive due process claim.  *See, e.g.*, *Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3rd Cir. 2007) (rejecting the plaintiff's claims alleging a denial of substantive due process because he asserted more specific Eighth Amendment claims); *Lausin ex rel. Lausin v. Bishko*, 727 F.Supp.2d 610, 634 (N.D. Ohio 2010) (plaintiffs' claim alleging unlawful arrest or seizure was covered by the Fourth Amendment and could not be treated as a separate substantive due process claim).

Fourth and finally, Mason is not entitled to monetary damages from any of the defendants in their official capacities.  The Tenth and Eleventh Amendments to the U.S. Constitution bar

suits in federal court when the action is "in essence one for the recovery of money from the state [and] the state is the real, substantial party in interest," which invariably will be the case when the claimant sues a state employee in his official capacity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see id*. (noting "that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (*en banc*).

For these reasons, Mason's § 1983 complaint will be dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(b)(1).

### III

Accordingly, **IT IS ORDERED** that:

1. Jason Onteria Mason's complaint [R.1] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This action is **STRICKEN** from the active docket.

This 28th Day of June, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge